UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. THERESA PHYLLIS SANDOVAL          Docket Number: 08-cr-00080-JLK-01

**Request for Issuance of Summons Due to Violation of Probation**

     COMES NOW, Gary L. Burney, probation officer of the court, presenting an official report upon the conduct and attitude of Theresa Phyllis Sandoval who was placed on supervision by the Honorable Kathleen Cardone sitting in the court at El Paso, Texas, Western District of Texas, on the 22nd day of August, 2007, who fixed the period of supervision at two (2) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed additional conditions and terms as follows:

1)      The defendant shall participate in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the Probation Officer, based on the defendant's ability to pay.
2)      The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.
3)      The defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.
4)      The defendant shall participate in the Home Confinement program for a period of six (6) months. During this time, the defendant shall remain at his/her place of residence, except for employment and other activities approved in advance by the Probation Officer. The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem", "caller ID", "call waiting", or portable cordless telephones for the above period. At the direction of the Probation Officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the Probation Officer. The Court further orders that the defendant shall pay for the costs of Home Confinement, as directed by the Probation Officer.

**NOTE**: **Jurisdiction of this case was transferred to the District of Colorado on February 12, 2008.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for the defendant to appear at a probation violation hearing.

        ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 4th day of April, 2008, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/Gary L. Burney |
| *s/John L. Kane* | Gary L. Burney |
| | U.S. Probation Officer |
| Honorable John L. Kane<br>Senior U.S. District Judge | Place: Denver, Colorado |
| | Date: April 1, 2008 |

# ATTACHMENT

On August 23, 2007, the conditions of probation were read and explained to the defendant. On that date, she acknowledged in writing that the conditions had been read to her, that she fully understood the conditions, and that she was provided a copy of them. The term of probation commenced on August 22, 2007.

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about October 29, 2007, the defendant used or administered a controlled substance, cocaine, which had not been prescribed to her by a physician, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On October 29, 2007, the defendant provided a urine sample at Correctional Management Incorporated (CMI), Denver, Colorado, which tested positive for cocaine. Despite being confronted by this officer, on more than one occasion, the defendant denied using cocaine and offered no explanation for the positive result. This urine sample was verified and confirmed positive for cocaine by two separate testing facilities, the District of New Mexico Probation Office and Kroll Laboratories.

2. **FAILURE TO TRUTHFULLY ANSWER ALL INQUIRIES BY THE PROBATION OFFICER**

On or about November 2, 2007, and November 9, 2007, the defendant failed to truthfully answer inquiry by the probation officer, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On November 2, 2007, the defendant reported to the probation office as instructed. At that time she was confronted and denied use of cocaine despite providing a urine sample on October 29, 2007, which tested positive for cocaine. On November 9, 2007, the defendant was contacted at her residence by Supervising U.S. Probation Officer Christopher J. Perez and myself, and was again confronted about her possession and use of cocaine on or about October 29, 2007. She again denied use of cocaine and offered no legitimate explanation for the positive result.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about February 23, 2008, the defendant used or administered a controlled substance, cocaine, which had not been prescribed to her by a physician, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On February 23, 2008, the defendant provided a urine sample at Correctional Management Incorporated (CMI), Denver, Colorado, which tested positive for cocaine. Despite being confronted by this officer, on more than one occasion, the defendant denied using cocaine and offered no explanation for the positive result. The urine sample was verified and confirmed positive for cocaine by two separate testing facilities, the District of New Mexico Probation Office and Kroll Laboratories.

4. **FAILURE TO TRUTHFULLY ANSWER ALL INQUIRIES BY THE PROBATION OFFICER**

On or about March 3, 2008, and March 19, 2008, the defendant failed to truthfully answer inquiry by the probation officer, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On March 3, 2008, the defendant reported to the probation office as instructed. At that time she was confronted and denied use of cocaine despite providing a urine sample on February 23, 2008, which tested positive for cocaine. On March 19, 2008, the defendant reported to the probation office and was confronted by Supervising U.S. Probation Officer Christopher J. Perez and myself, about her possession and use of cocaine on or about February 23, 2008. She again denied use of cocaine and offered no legitimate explanation for the positive result.